IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
02 SEP -9 PM 3: 15
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| DONALD P. WILLIAMS, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | CASE NO. CV 01-B-1005-NE |
| | } | |
| CALHOUN COMMUNITY COLLEGE; DR. RICHARD CARPENTER; DR. WAYNE TOSH, | } } } | ENTERED SEP - 9 2002 |
| | } | |
| Defendants. | } | |

## MEMORANDUM OPINION

This case is before the court on the Motion to Enforce Settlement Agreement filed by the defendant on March 13, 2002. The issue before the court is whether the court should enforce a settlement agreement between the parties or allow plaintiff to proceed with his claims against the defendant. As noted in *Fulgence v. McDermott & Co.,* 662 F.2d 1207, 1210 (5th Cir. 1981), "[a]bsent a factual basis rendering it invalid, an oral agreement to settle a Title VII claim is enforceable against a plaintiff who knowingly and voluntarily agreed to the terms of the settlement or authorized his attorney to settle the dispute. If a party to a Title VII suit who has previously authorized a settlement changes his mind when presented with the settlement documents, that party remains bound by the terms of the agreement."

On August 13, 2002, the court held a hearing on the Motion to Enforce. Plaintiff Donald Williams, counsel for plaintiff, John Saxon, plaintiff's former counsel, David Gespass, and counsel for defendants, Jeff Foshee and Edward George, appeared at the hearing. During the hearing, the court heard testimony from plaintiff and from his former counsel, David Gespass.

Mr. Gespass testified that the terms set forth in the Memorandum of Agreement and General Release attached as Attachment B to defendant's Motion to Enforce Settlement

Agreement (hereafter "the Agreement") were specifically agreed to by the plaintiff on February 21, 2002. Mr. Gespass further testified that Mr. Williams authorized him on February 21, 2002, to settle on the terms set forth in the Agreement.

Mr. Williams testified at the hearing that he did not agree to the terms as set forth in the Agreement. Specifically, Mr. Williams testified that he understood that the Agreement would not be binding unless the Chancellor agreed to place him on the C2 salary schedule.

Unfortunately, the court is in the position of having to make a credibility choice between conflicting testimony. As stated on the record in open court, the court found the testimony of David Gespass concerning his conversations on February 21, 2002, with his former client, Mr. Williams, to be credible. The court concludes that plaintiff authorized his attorney to settle his lawsuit against the defendant on the terms set forth in the Memorandum of Agreement attached to defendant's Motion to Enforce Settlement Agreement. Here, as in *Fulgence*, the testimony revealed no evidence that plaintiff's counsel was incompetent or that he colluded with counsel for the defendant in arriving at the settlement.

Having concluded that plaintiff authorized his counsel to settle this case on the terms set forth in the Agreement, this court finds that defendant's Motion to Enforce is due to be granted, and this case dismissed. An Order granting defendant's Motion to Enforce will be entered contemporaneously with this Opinion.

DONE this 9th day of September, 2002.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge